# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE NORTHERN DISTRICT OF ILLIONIS, EASTERN DIVISION

| | |
|---|---|
| In Re: ) | |
| ) | NO. 15 B 11761 |
| GEORGE KOLODZIEJ, ) | |
| ) | |
| ) | Chapter 13 |
| Debtor ) | |
| ) | |
| ) | Honorable Judge A. Benjamin Goldgar |
| ) | |

## NOTICE OF HEARING

TO:   Glenn Stearns, Chapter 13 Trustee (electronically via ECF)
      BMO Harris Bank, N.A. ATTN: David Casper, President & CEO 111 W. Monroe Street, Chicago, Illinois 60603( via U.S. Certified Mail)

PLEASE TAKE NOTICE that on October 23 , 2015 at 9:30 a.m., the undersigned will appear before the Honorable Judge A. Benjamin Goldgar at the North Branch Courthouse located at 1792 Nichole Lane, Round Lake Beach, Illinois and will then and there present the attached **DEBTOR'S OBJECTION TO CLAIM 1 OF BMO HARRIS BANK, N.A..,** at which time you may appear if you so choose.

### Certificate of Service

I, Charles Magerski, hereby certify that I caused a copy of this notice to be served, electronically via ECF to Glenn Stearns (Chapter 13 Trustee) and via US Certified Mail to BMO Harris Bank, N.A. ATTN: David Casper, President & CEO and attached Objection upon the above parties on October 8, 2015 before the hour of 5:00 p.m. from the office located at 900 Jorie Blvd., Ste 150, Oak Brook, IL 60523.

BY:   /S/ CHARLES L. MAGERSKI
      SULAIMAN LAW GROUP, LTD.
      COUNSEL FOR DEBTOR(S)
      900 JORIE BOULEVARD, SUITE 150
      OAK BROOK, IL 60523
      PHONE: (630) 575-8181
      FAX: (630) 575-8188
      ATTORNEY NO: 6297092

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

| | | |
|---|---|---|
| In Re: | ) | |
| | ) | |
| GEORGE KOLODZIEJ, | ) | NO. 15 B 11761 |
| | ) | |
| | ) | |
| | ) | CHAPTER 13 |
| Debtor | ) | |
| | ) | |
| | ) | Honorable Judge A. Benjamin Goldgar |
| | ) | |

**DEBTOR'S OBJECTION TO CLAIM 1 OF BMO HARRIS BANK, N.A.**
_____

   **NOW COMES** the Debtor, GEORGE KOLODZIEJ ("Debtor"), by and through his attorneys, Sulaiman Law Group, LTD, and pursuant to Bankruptcy Rule 3007, bringing this Objection to Claim 2 of BMO Harris Bank, N.A. ("BMO"), and, and in support of this Objection, the Debtor states as follows:

   1. The underlying Chapter 13 bankruptcy case was commenced by the filing of a voluntary petition with the Clerk of this Court on March 31, 2015.

   2. Prior to filing the underlying Chapter 13 bankruptcy case, the Debtor previous filed a Chapter 7 on August 13, 2010, case number 10-36249, and received a discharge on December 14, 2010.

   3. The 341 Meeting of Creditors was held and concluded on May 11, 2015.

   4. The confirmation date for the underlying Chapter 13 proceeding is currently set for October 23, 215

   5. Upon information and belief, BMO has a security interest in Debtor's primary residence located at 311 Weidner Road, Buffalo Grove, Illinois 60089 ("subject property").

   6. BMO filed a proof of claim in the amount of $154,547.36 with a secured claim in the amount of $17,687.00. *See* attached Exhibit A is a true and accurate copy of BMO Harris Bank N.A.'s filed proof of claim, 1-1.

7. The security interest arises from a mortgage granted by the Debtor to Harris N.A. to secure a promissory note ("original note") dated June 17, 2006 in the initial amount of $112,000.00 that enabled the Debtor to purchase the subject property. *See* Exhibit A.

8. The promissory note obligates the Debtor to pay principal and interest payments of $743.73 for 119 months and a balloon payment of $96,749.47 on June 17, 2016.

9. BMO's promissory note predates Debtor's filing of his Chapter 7.

10. In the underlying Chapter 13 case, the Debtor obtained an order determining the value subject property and establishing BMO's claim 1 to have a secured claim in the amount of $18,170.32. *See* Docket Entry 21.

11. Pursuant to 11 U.S.C. §§ 506(a) & (d), a creditor would only have a secured claim to the extent of the value of the bankruptcy estate's interest in the property securing the claim. As a result, a creditor's lien is void to the extent it is not an allowed secured claim.

12. "The valuation of an under-secured mortgage claim is commonly referred to as a 'strip down' or 'cram down'. Where the valuation of property indicates that a claim is partially secured, the secured portion of the claim is paid through the debtor's plan as an allowed secured claim, and the unsecured portion is 'stripped down' to an allowed unsecured claim. The unsecured claim generally is paid on a pro rata basis along with all other general unsecured claims." *In re Pierre*, 468 B.R. 419, 422 (Bankr.M.D.Fla 2012).

13. Pursuant to 11 U.S.C. §506(a), Federal Rule of Bankruptcy Procedure 3012 and the Order this Honorable Court signed, establishing the fair market value of the real estate being $195,000.00, the second mortgage claim of BMO should be bifurcated to a secured claim of $18,170.32 and an unsecured claim for the remaining balance.

14. However, any unsecured balance remaining above and beyond the secured claim of $18,170.32 was previously discharged in Debtor's previous Chapter 7 and should not be paid as

Debtor's personal liability on the underlying loan was extinguished in the previous Chapter 7 discharge.

15. BMO's sole claim should be a secured claim of $18,170.32 to be paid in full as an allowed secured claim in the Debtor's Chapter 13 Plan.

**WHEREFORE**, Debtor, George Kolodziej, prays this Honorable Court for the following relief:

A. Sustaining Debtor's Objection to Claim 1;
B. Determining BMO Harris Bank, N.A.'s secured claim is $18,170.32;
C. Determining BMO Harris Bank N.A. does not have an unsecured claim for any balance in excess of $18,170.32 by virtue of Debtor's previous Chapter 7 discharge; and
D. For such other and further relief this Court deems just and proper.

Dated: October 8, 2015                    Respectfully Submitted,

/s/ Charles L. Magerski
Charles L. Magerski, Esq. #6297092
Counsel for Debtor
Sulaiman Law Group, LTD
900 Jorie Blvd, Ste 150
Oak Brook, IL 60523
Phone (630)575-8181
Fax: (630)575-8188